**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-7132**

_____

RANDY LEE LASSITER, JR.,

        Petitioner - Appellant,

    v.

CHADWICK DOTSON, Director of the Virginia Department of Corrections,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Elizabeth W. Hanes, District Judge.  (2:23-cv-00349-EWH-DEM; 2:23-cv-00368-EWH-DEM)

_____

Submitted:  September 25, 2025                Decided:  October 1, 2025

_____

Before NIEMEYER, KING, and WYNN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Randy Lee Lassiter, Jr., Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Lee Lassiter, Jr., seeks to appeal the district court's order denying on the merits Lassiter's Fed. R. Civ. P. 60(b) motion for relief from the court's prior judgment denying relief on Lassiter's 28 U.S.C. § 2254 petition.[*]  The order is not appealable unless a circuit justice or judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Lassiter has not made the requisite showing.  In his Rule 60(b) motion, the claims Lassiter raised challenged the validity of his conviction, and, thus, the motion is properly construed as a successive § 2254 petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v.*

---

[*] To the extent Lassiter also seeks to appeal the district court's order denying relief on his § 2254 petition, we lack jurisdiction to review that order as Lassiter's notice of appeal was not timely filed. *See* Fed. R. Civ. P. 4(a)(1)(A) (providing 30-day appeal period in civil cases); *see also Bowles v. Russell*, 551 U.S. 205, 214 (2007) (noting appeal periods in civil cases are jurisdictional).

*McRae*, 793 F.3d 392, 397-99 (4th Cir. 2015).  Absent prefiling authorization from this court, the district court lacked jurisdiction to entertain Lassiter's successive § 2254 petition.  *See* 28 U.S.C. § 2244(b)(3).  Accordingly, we grant Lassiter's motion to extend the time to file his informal brief, deny his motions for appointment of counsel and bail pending appeal, deny a certificate of appealability, and dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

3